STATE OF NORTH CAROLINA v. WALTER LEE HUFFMAN

No. 7427SC97

(Filed 17 April 1974)

1. **Homicide §§ 26, 28— second degree murder — self-defense — instructions proper**

    In a prosecution for second degree murder, the trial court's instruction was proper where it accurately recounted a witness's testimony and adequately apprised the jury as to the law arising on the evidence in the case, particularly as it related to defendant's contention that he shot deceased only in self-defense.

2. **Criminal Law § 117; Homicide § 26— testimony of accessory after the fact — request for instructions — denial proper**

    Trial court did not err in failing to instruct the jury, as defendant requested, that they "should scrutinize and look carefully into the testimony" of a witness who was an accessory after the fact but not an accomplice to the crime charged.

APPEAL by defendant from *Friday, Judge,* 30 July 1973 Session of Superior Court held in GASTON County.

Defendant was indicted for the murder of Loyd Anderson Barrett. Upon arraignment, the State elected to try defendant for second-degree murder, to which he pled not guilty. The State's evidence showed: On the night of 12 May 1973 defendant, his girl friend, Opal Hicks, Barrett, and one Humphries were together in Humphries's trailer in Ranlo Trailer Park. About 4:30 a.m., defendant, Barrett and Humphries left to visit a nearby trailer park. They took a .22 caliber rifle with them, About fifteen minutes later, Opal Hicks, who had remained in the trailer, heard three shots. On opening the trailer door, she saw defendant, with the rifle in hand, standing on the trailer steps. Barrett, breathing heavily, was leaning against the fender of a car parked about ten feet away. Defendant said: "I shot him. He kept coming at me." Shortly thereafter, an investigating officer found Barrett's corpse, with a knife in its left hand, lying beside the car. A subsequent autopsy revealed that Barrett died as a result of three .22 caliber gunshot wounds in his chest.

Defendant testified that he shot Barrett only after Barrett, large, drunk, and belligerent, and who had previously threatened him, attacked him with a knife.

The jury found defendant guilty of second-degree murder, and judgment was entered sentencing defendant to prison for not less than 12 nor more than 15 years.

State v. Huffman

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*William G. Holland for defendant appellant.*

PARKER, Judge.

There was ample evidence to justify submitting this case to the jury and the trial court did not err in denying defendant's motion for nonsuit.

[1] Defendant assigns error to several portions of the court's charge to the jury. First, defendant contends that the trial court, in recapitulating Opal Hicks's testimony, expressed an opinion about a critical fact. Comparing the evidence with this portion of the charge, however, it is clear that the trial court accurately recounted her testimony and nothing more. Next, defendant contends that the trial court inadequately charged the jury concerning (1) the bearing of Barrett's reputation as a violent and fighting man on the defendant's reasonable apprehension of death or great bodily harm at the time Barrett allegedly attacked him and (2) the law of self-defense and its application to the facts of the case. Reading the instruction as a whole and taking the portions of the charge complained of in their proper context, we find no prejudicial error. Considering the charge as a whole, the jury was adequately apprised as to the law arising on the evidence in this case, particularly as it related to defendant's contention that he shot only in self-defense.

[2] Finally, defendant contends that the trial court erred in failing to instruct the jury, as defendant requested, that they "should scrutinize and look carefully into the testimony of Opal Lee Hicks." In this connection, however, Hicks was not an accomplice, though she was charged as being an accessory after the fact. An accessory after the fact is not considered as an accomplice, *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165, and there was no error in the court's failure to give the requested instruction.

No error.

Chief Judge BROCK and Judge BALEY concur.